UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JODY MICHAEL WAGNER,

                Plaintiff,

v.                                            Case No. 23-cv-303-pp

YANA PUSICH, SGT. MACKEY
and CAPT. KINNARD,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 7) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Jody Michael Wagner, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his rights under federal law. This order resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, denies as moot his motion to amend the complaint, dkt. no. 7, and screens his complaint, dkt. no. 1.

I.     **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On March 9, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $18.20. Dkt. No. 5. The court received that fee on April 3, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff has sued Security Director Yana Pusich, Sergeant Mackey and Captain Kinnard. Dkt. No. 1 at 1. He alleges that on December 1, 2022, he was punched on the left side of his head, causing a deep laceration that bled profusely. Id. at 2. The plaintiff says that the next day, he was treated for his injury in the Health Services Unit. Id. He allegedly reported the incident to Captain Paulick (not a defendant), who took photos of the deep cut above the plaintiff's left eye. Id. The plaintiff states that "Mr. Alexis Reyes"—presumably

3

the person who punched the plaintiff—was not placed in segregation or given a conduct report. Id. The plaintiff alleges that he was told to return to his cell "with Mr. Reyes" and start packing his property. Id. The plaintiff says he then was found a new housing assignment. Id.

The plaintiff alleges that before the incident, he sent a three-page outline of his concerns about living with Reyes, and he tried one final attempt to be removed from the cell. Id. at 3. He says that on October 31, 2022, he contacted Pusich. Id. He says that he underlined "I fear for my safety." Id. The plaintiff also states that he contacted "the regular housing unit," Mackey, and Kinnard at least five times before contacting Pusich. Id. He allegedly expressed how scared he was of Mr. Reyes; he says that he was asking only to be moved from the cell, or that Reyes be moved. Id. The plaintiff alleges that he was not removed until Reyes punched him. Id. The plaintiff states that he used the institution complaint system, but his complaint was rejected. Id. The plaintiff says he still is housed in the same cell hall. Id.

For relief, the plaintiff seeks $33,000 damages and an order directing the defendants to separate him and Reyes into different units or to transfer him to a minimum security facility "with community work release endorsement." Id. at 4.

C.  Analysis

The Eighth Amendment requires prison officials to protect incarcerated persons from violence at the hands of other incarcerated persons. See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). Prison officials who do not protect

4

one incarcerated individual from another may be found liable under the Eighth Amendment only if two requirements are met: first, the incarcerated individual must have been exposed to a risk of objectively serious harm, and second, the prison official must have had actual knowledge of that risk and responded with deliberate indifference. See LaBrec v. Walker, 948 F.3d 836, 841 (7th Cir. 2020); see also Farmer, 511 U.S. at 837-38.

The plaintiff may proceed on an Eighth Amendment claim against the defendants based on his allegations that they disregarded his notifications that he feared for his safety in sharing a cell with Reyes, who then assaulted the plaintiff.

### III. Motion to Amend Complaint (Dkt. No. 7)

The plaintiff has filed a motion to amend the complaint in which he says he wants to add Reyes as a defendant. Dkt. No. 7. The plaintiff states that in addition to punching the plaintiff, Reyes sexually assaulted him. Id. at 3-4.

At this stage in the litigation, the plaintiff does not need the court's permission to file an amended complaint. Fed. R. Civ. P. 15(a)(1) allows a plaintiff to amend the complaint without the court's permission one time, as long as he does so within twenty-one days after the defendants answer the complaint. The defendants have not answered—they have not even been served yet—so the plaintiff may amend his complaint without the court's permission. The court will deny the plaintiff's motion as unnecessary.

The court notes, however, that the plaintiff did not comply with this court's Civil Local Rule 15(b), which requires someone asking for permission to

5

amend the complaint to attach the proposed amended complaint to the motion. The plaintiff did not file an amended complaint or attach to his motion a proposed amended complaint. And even if the plaintiff had followed the requirements of the local rule, the court would not have allowed him to amend the complaint to add Reyes as a defendant. Section 1983 allows a plaintiff to sue someone who violated his constitutional rights while acting "under color of state law." In other words, it allows a plaintiff to sue a state official or employee for violating his constitutional rights. Reyes was not a state official or employee; he was another incarcerated person. The plaintiff may have a *state law* cause of action against Reyes, but not a federal claim under §1983.

If the plaintiff files an amended complaint for some other reason, it must be complete and include all the plaintiff's allegations—the plaintiff cannot refer the court back to the original complaint. If the plaintiff chooses to file an amended complaint, the court will screen it under 28 U.S.C. §1915A.

### IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS UNNECESSARY** the plaintiff's motion to amend complaint. Dkt. No. 7.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Yana Pusich, Sgt. Mackey and Capt. Kinnard. Under the informal

6

service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$331.80** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Warden at Waupun Correctional Institution.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution and Oshkosh Correctional Institution.

who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 18th day of July, 2023.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**