# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JODY MICHAEL WAGNER,

     **Plaintiff,**

  v.                                **Case No. 23-CV-303**

YANA PUISCH, *et al.*,

     **Defendants.**

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Plaintiff Jody Michael Wagner who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Wagner was allowed to proceed on an Eighth Amendment deliberate indifference to health and safety claim against defendants Yana Pusich, Christopher Manthei, and Scott Kinnard because they allegedly ignored his complaints that his cellmate was violent and his requests to be removed from his cell. (ECF No. 8.)

The defendants moved for summary judgment on the grounds that Wagner failed to exhaust his administrative remedies. (ECF No. 19.) Wagner has responded in opposition. For the reasons stated below, the court denies the defendants' motion for summary judgment on exhaustion grounds.

## FACTS

Several times before his cellmate attacked him on December 1, 2022, Wagner notified the defendants that his cellmate was violent and that he feared for his safety. (ECF

No. 1 at 1-3.) He repeatedly requested a new housing assignment, but his requests were ignored. (*Id.*)

It is undisputed that Wagner filed two relevant inmate complaints regarding the situation—WCI-2022-16706 and WCI-2022-18215. (ECF No. 21, ¶¶ 8, 12.) The inmate complaint examiner (ICE) received WCI-2022-16706 on November 7, 2022. (ECF No. 22-2 at 6.) Wagner asked to be removed from his cell because of his violent cellmate and explained that he had tried to informally resolve his issue with security staff. (*Id.*) He also stated that he feared for his health and safety. (*Id.*) The ICE rejected his inmate complaint because "[t]he Security Director has addressed this issue with inmate Wagner already and has informed him that there was no concern that would warrant moving him at this time." (*Id.* at 2.) Because housing assignments are an "administrative decision," the ICE rejected Wagner's inmate complaint under Wis. Admin. Code. § DOC 310.10(6)(c) as lacking merit or frivolous. It is undisputed that Wagner did not appeal the ICE's rejection. (ECF No. 21, ¶ 11.)

The ICE received WCI-2022-18215 on December 21, 2022. (ECF No. 22-3.) Wagner stated, "I feared for my own safety being celled up with my cellmate . . . on several occasions I've attempted to resolve this issue through the proper channels to be permanently moved from [my cell]." (*Id.* at 17.) He then attached copies of his attempts to resolve his concerns with the defendants. (*Id.* at 19-24.) The information/interview request form described at length that Wagner feared for his safety and detailed the behavior of his cellmate. (*Id.*) He also outlined the reasons why he needed a new housing assignment. (*Id.*) Pusich responded that Wagner did not have a reason to be rehoused. (*Id.*)

2

ICE recommended dismissing the complaint, and it is undisputed that Wagner followed the appropriate steps to fully exhaust the inmate complaint. (ECF No. 21, ¶¶ 17–22.) The defendants state that the inmate complaint "was processed through the ICRS based on Wagner raising the sole issue of reimbursement for his glasses." (*Id.* ¶ 16.) Wagner asserts that the inmate complaint also put the defendants on notice that his informal complaints regarding his cellmate's violence and his requests to be moved to a different cell were ignored. (ECF No. 33, ¶ 4.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a

3

party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

1. *Applicable Law and Procedure on Exhaustion*

Because Wagner was incarcerated during the time relevant to this case, the Prison Litigation Reform Act (PLRA) applies. The PLRA states in part that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court, and it produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006)). The exhaustion rule also promotes efficiency, because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies,

4

a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only where he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018).

At Waupun Correctional Institution, "[a]n inmate may use the Inmate Complaint Review System (ICRS) to raise issues regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code § DOC 310.06(1). A prisoner must "file a complaint within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code § DOC 310.07(2). A complaint "may contain only one clearly identified issue." Wis. Admin. Code § DOC 310.07(5).

The ICE then may accept the complaint and make a recommendation or reject the complaint for one of the ten reasons listed in § DOC 310.10(6) within 30 days from the date of receipt, including whether the complaint is without merit or is frivolous. Wis. Admin. Code § DOC 310.10 (2), (9). If the ICE rejects the complaint, an inmate may appeal the rejection to the appropriate reviewing authority "who shall only review the basis for the rejection of the complaint." Wis. Admin. Code § DOC 310.10(10). The ICE may also return a defective complaint and allow an inmate to correct the defects and resubmit within 10 days. Wis. Admin. Code § DOC 310.10(5). One of the reasons the ICE may return a complaint is because it fails to contain only one clearly identified issue. Wis. Admin. Code § DOC 310.07(5); 310.10(5).

When the ICE makes a recommendation, the reviewing authority shall make a decision within 15 days. Wis. Admin. Code § DOC 310.11(1). If an inmate does not receive

a decision within 45 days after the date of acknowledgement by the ICE, he may directly appeal to the corrections complaint examiner (CCE). Wis. Admin. Code § DOC 310.11(3). Otherwise, an inmate may appeal a reviewing authority's decision to the CCE within 14 days after the date of the decision. Wis. Admin. Code § DOC 310.12(1). The CCE then "shall recommend that the reviewing authority decision be affirmed or dismissed, in whole or in part, and send its recommendation to the secretary [of the DOC] within 45 days of receipt of the appeal." Wis. Admin. Code § DOC 310.12(9). The secretary shall make a decision within 45 days following the receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). "If the inmate does not receive the secretary's written decision within 90 days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted." Wis. Admin. Code § DOC 310.13(4).

2. *Application to this Case*

It is undisputed that Wagner did not appeal the rejection of WCI-2022-16706, so that inmate complaint is not evidence that Wagner exhausted his administrative remedies. However, Wagner argues that he fully exhausted his administrative remedies with WCI-2022-18215 because it discussed how he told the defendants he feared for his safety and tried to be moved to a new cell. The defendants argue that Wagner's inmate complaint was processed as only discussing reimbursement for the eyeglasses his cellmate broke when he punched him. Defendants argue because the issue was limited to the broken glasses, Wagner did not fully exhaust.

While it is correct that Wagner sought reimbursement for his broken glasses, Wagner's complaint was not limited to his broken glasses. Wagner described in his

6

complaint that he had written to the regular housing unit sergeant more than once but received no response. He also stated that he had written the lieutenant and also the captain at least five times. He further stated that he had written to the Security Director. Moreover, he attached prior requests to his complaint documenting his concerns. For example, in the October 31, 2022 request, Wagner wrote "I would like to inform you of some of the main concerns I have concerning my cellmate. He has violent episodes, outbursts that makes me scared for my own safety!" (ECF No. 22-3 at 20.) He further states that "All I am asking for is a different cellmate… His behavior is more than I am equipped to be able to fully handle." (*Id.* at 22.) Wagner's inclusion of these extra details could have been grounds for the ICE to return the inmate complaint for stating more than one issue, but the ICE did not do so. Instead, the inmate complaint was resolved on the merits. "Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action and defendants cannot rely on the failure to exhaust defense." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Wagner included exhibits to his grievance that laid out in explicit detail the defendants' failure to take his concerns seriously and failure to prevent him from being assaulted from his cellmate. Because the inmate complaint was not returned on procedural grounds, and instead was analyzed and investigated, the defendants cannot now assert that the grievance failed to put the institution on notice of Wagner's claims. Summary judgment on exhaustion grounds is denied.

## CONCLUSION

The court denies the defendants' motion for summary judgment on exhaustion grounds. Because Wagner's claims survive, the court will issue an amended scheduling order at a later date.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 19) is **DENIED**.

Dated at Milwaukee, Wisconsin this 15th day of July, 2024.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge

8